[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-12723
Non-Argument Calendar
_____

D.C. Docket No. 4:11-cr-00014-CDL-MSH-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

VERONICA R. KIRK SCOTT,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(April 22, 2013)


Before BARKETT, MARTIN and BLACK, Circuit Judges.

PER CURIAM:

Veronica Scott was convicted of health care fraud, in violation of 18 U.S.C. § 1347(a)(2).  On appeal, Scott argues the evidence was insufficient to prove she knew fraudulent claims were filed on her behalf.  After careful review of the record and the parties' briefs, we affirm.[1]

To support a conviction for health care fraud under 18 U.S.C. § 1347, the government must prove the defendant: (1) knowingly and willfully executed, or attempted to execute, a scheme to (2) defraud a health care program or to obtain by false or fraudulent pretenses money or property under the custody or control of a health care program, (3) "in connection with the delivery of or payment for health care benefits, items, or services."  The government must show the defendant knew the submitted claims were false, *United States v. Medina*, 485 F.3d 1291, 1297 (11th Cir. 2007), which may be established by direct or circumstantial evidence, *United States v. Williams*, 527 F.3d 1235, 1244–45 (11th Cir. 2008).

Scott claims the testimony of the government's witnesses did not sufficiently prove she "had knowledge that false claims were being submitted."  First, she claims the jury should not have believed her friend Danielle Mahone—a witness the jury knew was a cooperating defendant—who testified Scott knew the claims

---

[1] This Court reviews challenges to the sufficiency of the evidence *de novo*, viewing the evidence in the light most favorable to the government.  *United States v. Williams*, 527 F.3d 1235, 1244 (11th Cir. 2008).  Jury verdicts are upheld unless no trier of fact could have found guilt beyond a reasonable doubt based on the evidence in the record.  *Id.*

were false.[2]  Second, Scott claims the jury should not have believed her roommate T'Nesha Pruitt—a witness the jury knew was a convicted felon—who also testified Scott knew the claims were false.  Instead, Scott argues the jury should have believed her testimony that she was unaware the claims Mahone submitted on her behalf were false.

Scott's claims are meritless.  The credibility of a witness is the "sole province of the jury."  *United States v. Hamaker*, 455 F.3d 1316, 1334 (11th Cir. 2006).  Unless a witness's testimony is "so inherently incredible" or "so contrary to the teachings of basic human experience," the jury's credibility determination must stand.  *United States v. Chancey*, 715 F.2d 543, 546 (11th Cir. 1983).

In this case, neither Mahone's nor Pruitt's testimony lacked credibility.  Mahone and Pruitt testified: (1) Scott knew Mahone submitted false insurance claims on behalf of others; (2) Scott was upset Mahone procured money for other people while living at her home rent-free; (3) Scott implored Mahone to file false claims on her behalf; (4) Scott supplied Mahone with the documents needed to falsify health insurance claims; (5) Scott instructed Mahone as to the precise amount of money she desired from the scheme; and (6) Scott paid Mahone several thousand dollars of the fraudulently-obtained money in return for her assistance in

---

[2] Mahone was also charged with health care fraud, and pleaded guilty to a conspiracy charge related to the fraudulent filings.  She was held accountable for helping eleven individuals submit fraudulent claims, including Scott.

3

the scheme.  Based on this testimony, it was not "contrary to the teachings of basic human experience" for the jury to find that Scott knew the submitted claims were false.

Also meritless is Scott's argument that the evidence was insufficient because the jury should have believed her testimony instead of the Government's witnesses.  When a defendant takes the stand in her defense, she "runs a substantial risk of bolstering the Government's case." *United States v. Brown*, 53 F.3d 312, 314 (11th Cir. 1995).  Given the corroborative evidence of guilt in this case, when Scott took the stand and denied knowledge of the fraudulent claims, the jury was entitled not only to disbelieve her but also to consider the opposite of her testimony as true.  *See United States v. McCarrick*, 294 F.3d 1286, 1293–94 (11th Cir. 2002).  The verdict finding Scott guilty shows the jury did just what it was entitled to do; nothing more, nothing less.  *See id.*

In sum, because a rational trier of fact could have found beyond a reasonable doubt that Scott knew the submitted claims were false, the evidence was sufficient to convict her of health care fraud under 18 U.S.C. § 1347(a)(2).

**AFFIRMED.**

4